## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |  |
|---|---|---|
| **STACY LITTLEJOHN,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No.: 4:17-cv-238-KPJ** |
| **CURTIS GARRETT and CITY OF PARIS, TEXAS** | § § § | |
| **Defendants.** | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Curtis Garrett ("Garrett") and City of Paris, Texas's (the "City") (collectively, "Defendants") Motion for Summary Judgment and Incorporated Brief in Support (the "Motion") (Dkt. 22), filed on November 30, 2017. Upon review of the Motion (Dkt. 22) and other pleadings, the Court finds Defendants' Motion (Dkt. 22) is **GRANTED**, and Plaintiff's claims are **DISMISSED**.

## I.   BACKGROUND

On April 7, 2017, Plaintiff filed the instant lawsuit alleging constitutional violations based on unlawful pretrial detention and failure to adequately train and supervise. *See* Dkt. 1 at ¶¶ 14-22. At the time Plaintiff filed the lawsuit, he was represented by counsel. *See* Dkt. 1 at 7. On November 30, 2017, Defendants filed the pending Motion (Dkt. 22). Shortly thereafter, on December 11, 2017, Plaintiff's counsel filed a Motion to Withdraw as Counsel for Plaintiff (Dkt. 23), which the Court granted. *See* Dkt. 24. In the order granting withdrawal of counsel (Dkt. 24), the Court granted Plaintiff additional time to obtain new counsel and respond to the Motion (Dkt. 22). *See id.* To date, nearly four months after the issuance of the Court's order, Plaintiff has not

informed the Court of the identity of new counsel, nor has Plaintiff filed any response or other notice. Accordingly, the Court will hereby rule on the Motion (Dkt. 22) as unopposed.

## II. <u>LEGAL STANDARD</u>

### A. SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat summary judgment; the requirement is that there be no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is "material" if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are "irrelevant or unnecessary" do not affect the summary judgment determination. *See id.* at 248. An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

### B. EFFECT OF NO RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Summary judgment may not be awarded by default merely because the non-moving party has failed to respond. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985); *see also United States v. Wilson*, 113 Fed. Appx. 17, 18 (5th Cir.

2004). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 362 n. 3 (5th Cir.1995) (citing *Hibernia Nat'l Bank,* 776 F.2d at 1279).

Nonetheless, the Court may grant summary judgment if the movant has made a *prima facie* showing that it is entitled to such relief. *See Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); Fed. R. Civ. P. 56(e). The court may also accept as undisputed the facts set forth in support of the unopposed motion for summary judgment. *See Yowman v. Jefferson Cty. Cmty. Supervision & Corr. Dep't*, 370 F. Supp. 2d 568, 581-82 (E.D. Tex. 2005).

### C. SECTION 1983 AND QUALIFIED IMMUNITY STANDARD

Claims under 42 U.S.C. § 1983 may be brought against persons in their individual capacity or official capacity, or against a governmental entity. *See Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009). Section 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. Section 1983 does not create substantive rights, rather it is simply a procedural vehicle that provides a remedy for violation of the rights that it designates. *See Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997). Therefore, "an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id.*

The doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005); *see also Hudspeth v. City of Shreveport*, 2006 WL 3747446, at *5 (W.D. La. 2006), *aff'd*, 270 F. App'x 332 (5th Cir. 2008). Qualified immunity provides the right not to stand trial or confront other burdens of litigation, "conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Davis*, 406 F.3d at 380 (internal citation omitted). Qualified immunity is more than a mere defense to liability. *See id.* Rather, the doctrine provides immunity from suit. *See id.* The Fifth Circuit has reasoned that before a district court adjudicates the merits of a plaintiff's claims, the plaintiff must overcome the bar of qualified immunity. *See id.* Once the issue of qualified immunity is raised, a plaintiff has the burden of rebutting the defense by demonstrating that the government official's allegedly wrongful conduct violated clearly established law. *See id.* The government official is not required to demonstrate that he did not violate clearly established federal rights because Fifth Circuit precedent places such burden upon the plaintiff. *See id.* "Qualified immunity provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Id.* The qualified immunity shield is broad and protects actions—even mistakes—that are reasonable under the existing law. *See Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992).

The Court conducts a two-prong inquiry in order to determine whether qualified immunity applies. In order to defeat qualified immunity on a motion for summary judgment, a plaintiff must sufficiently allege that: (1) a constitutional right would have been violated on the facts shown; and

(2) "the right was clearly established" at the time of the violation. *See Fontenot v. Cormier*, 56 F.3d 669, 673 (5th Cir. 1995); *Siegert v. Gilley*, 500 U.S. 226 (1991). The Fifth Circuit has stated that "[i]f reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." *Fraire*, 957 F.2d at 1273.

### III. <u>ANALYSIS</u>

The Court has provided Plaintiff additional time—nearly four months in total—to obtain new counsel and/or submit some form of response to Defendants' Motion (Dkt. 22). To date, the Court has received no notice or filing from Plaintiff. Accordingly, the Court will accept as undisputed the facts set forth in Defendants' Motion (Dkt. 22).

On September 24, 2014, Plaintiff was arrested for failing to register as a sex offender annually under Chapter 62 of the Texas Code of Criminal Procedure. *See* Dkt. 22 at 1. Defendant Garrett effectuated the arrest of Plaintiff based on a court-issued arrest warrant. *See id.* at 2. The warrant for Plaintiff's arrest was issued based on the testimony of a competent witness. *See id.* The witness testified that Plaintiff did not reside at the residence identified by Plaintiff in his annual sex offender registration. *See id.* At all times relevant, Defendant Garrett was acting in his official capacity as a police officer. *See id.*

#### A. QUALIFIED IMMUNITY FOR UNLAWFUL DETENTION CLAIM AGAINST DEFENDANT GARRETT

The doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Estate of Davis ex rel. McCully*, 406 F.3d at 380; *see also Hudspeth*, 2006 WL 3747446, at *5 (W.D. La. 2006), *aff'd*, 270 F. App'x 332 (5th Cir. 2008). Additionally, a plaintiff bears the burden of negating a properly raised qualified immunity defense.

5

*See Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) ("Although nominally an affirmative defense, the plaintiff has the burden to negate the [qualified immunity] defense once properly raised."). The qualified immunity analysis itself involves two considerations: (1) whether the public official's conduct violated an actual constitutional right, and (2) whether the public official's actions were "objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id.* (internal quotation marks and citations omitted); *see also Felton v. Polles,* 315 F.3d 470, 477 (5th Cir. 2002); *Fontenot*, 56 F.3d at 673. The standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326.

The undisputed facts before the Court show that the arrest warrant for Plaintiff was properly issued: (1) the warrant was based on testimony of a competent witness; and (2) the testimony of the competent witness provided probable cause—specifically, that Plaintiff was not residing at the place he identified in his annual sex offender registration. *See* Dkt. 22 at 1-2. Based on these undisputed facts, the Court finds that Defendant Garrett's conduct did not violate any constitutional right. There is no constitutional violation when an officer makes an arrest based on a finding of probable cause. *See Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir. 1994) ("[A]n arrest, with or without a warrant, must be based on probable cause."); *see also United States v. Raborn*, 872 F.2d 589, 593 (5th Cir.1989). Therefore, Defendant Garrett is entitled to qualified immunity and Plaintiff's claims against him are dismissed.

## B. CLAIM OF MUNICIPAL LIABILITY FOR FAILURE TO TRAIN AND FAILURE TO SUPERVISE AGAINST DEFENDANT PARIS, TX

Plaintiff also alleges the City should be liable for its failure to train and supervise Defendant Garrett based on municipal policy or custom. *See* Dkt. 1 at ¶¶ 18-22. Generally, a municipality may only be held liable under Section 1983 when an alleged injury is caused by a specific

government policy or practice. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). The Fifth Circuit has explained that a "policy" or "practice" of a municipal government may consist of:

> (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
> (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Deep East Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (internal citations and quotations omitted). Defendants argue Plaintiff has not identified any policy or practice that may have violated federal law. *See* Dkt. 22 at 5-6. The Court agrees. Plaintiff has provided no facts to show there were any formal municipal policies or practices which could have caused his alleged violations. Therefore, Plaintiff's claim for municipal liability of the City is dismissed. Moreover, Plaintiff's claim is foundationally deficient, as Defendant Garrett's actions did not violate any constitutional right.

Similarly, the Court finds that Plaintiff's failure to train and supervise claim against the City is dismissed. To establish liability for failure to train or supervise, a Section 1983 plaintiff must plead and prove: (1) inadequate training or supervision of employees; (2) a causal link between the failure and violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *See Brown v. Callahan*, 623 F.3d 249, 254 n.1 (5th Cir. 2010); *Roberts v. Prator*, 397 F.3d 287, 292-94 (5th Cir. 2005). In such claims, "deliberate indifference normally requires a plaintiff to show a pattern of violations and that the inadequate training or

supervision is obvious and obviously likely to result in a constitutional violation." *Brown*, 623 F.3d at 255 (internal citation omitted).

In this case, Plaintiff has wholly failed to allege a claim for failure to train and supervise. Plaintiff has not presented any evidence that the City failed to train Defendant Garrett or that any failure to train was part of a pattern, thereby constituting deliberate indifference. Instead, Plaintiff offers a conclusory allegation that the City "fail[ed] to adequately train and supervise its officers in what the responsibilities and duties are of a Sexual Offender Registration Officer as it applies to ascertaining where a person abides, lodges or resides. . . ." Dkt. 1 at ¶ 19. This statement alone does not meet the requirements to establish liability for a failure to train or supervise. Moreover, there has been no evidence presented of a pattern of violations to constitute deliberate indifference. Therefore, the Court finds that Plaintiff's claim against the City for failure to train or failure to supervise is dismissed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds Defendants' Motion (Dkt. 22) is **GRANTED**, and Plaintiff's claims are **DISMISSED**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that all claims Plaintiff asserted, or could have asserted, against Defendants in this lawsuit are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all costs, expenses, and attorneys' fees are taxed against the party incurring the same.

All relief not previously granted is hereby **DENIED**, and the Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

 **SIGNED this 13th day of April, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE